**Michael Fuller, OSB No. 09357**
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**HUNTER ZOOK**,

Plaintiff,

v.

**EQUIFAX INFORMATION SERVICES LLC** and **TRANSWORLD SYSTEMS INC.**,

Defendants.

Case No. 3:17-cv-02003

**COMPLAINT**

15 U.S.C. § 1681 et seq.
Fair Credit Reporting Act

15 U.S.C. § 1692 et seq.
Fair Debt Collection Practices Act

Demand for Jury Trial

1.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1331 because the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA) are federal consumer protection laws.

2.

Plaintiff Hunter Zook is an individual living in Multnomah County, Oregon and a "consumer" as defined by the FCRA at 15 U.S.C. § 1681a(c) and the FDCPA at 15 U.S.C. § 1692a(3).

3.

Defendant Transworld Systems Inc. (TSI) is a California corporation and a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2, and a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6) because TSI regularly collects and attempts to collect defaulted student loan debts owed to, and on behalf of others, using the US mail, including direct demands for payment, and the principal purpose of TSI's business is the collection of consumer debts owed to others. TSI's communications admit without qualification that TSI is a "debt collector". TSI's website explains that it is a nationwide debt collection company, and TSI is a licensed collection agency in Oregon, license number 40029.

4.

Defendant Equifax Information Services, LLC (Equifax) is a Georgia limited liability company and a consumer reporting agency as defined by the FCRA at 15 U.S.C. § 1681a(f).

5.

Venue is proper under 28 U.S.C. § 1391 because plaintiff resided in Multnomah County, Oregon when defendants furnished and reported false credit information about him.

6.

**FACTUAL ALLEGATIONS**

This complaint's allegations are based on personal knowledge as to plaintiff's conduct, and made on information and belief as to the acts of others.

7.

In or around November 2016, plaintiff paid and settled in full a defaulted student loan obligation to National Collegiate Student Loan Trust 2006-4 (NCSLT). Plaintiff's obligation to NCSLT was a "debt" as that term is defined at 15 U.S.C. § 1692a(5) because it was incurred as a personal student loan.

8.

In 2017, TSI furnished to Equifax inaccurate information about plaintiff's alleged debt to NCLST. Equifax prepared and issued consumer credit reports concerning plaintiff that included inaccurate information, including reporting plaintiff's alleged debt to NCLST with a balance and an amount past due, and not reporting the debt as paid and settled in full. Plaintiff notified Equifax that he disputed the accuracy of the information but Equifax continued to report inaccurate information. Equifax notified TSI of plaintiff's dispute of the alleged NCLST debt. TSI knew the reporting on plaintiff's account was inaccurate but did not tell Equifax to correct all the inaccurate reporting.

9.

In 2017, TSI attempted to collect the alleged NCSLT debt from plaintiff directly by falsely representing to plaintiff that his alleged NCSLT debt had a current balance due. TSI's collection activity directed at plaintiff constituted false, deceptive, and misleading representations and means to attempt to collect from plaintiff and unfair and unconscionable means to attempt to collect from plaintiff because plaintiff owed no money whatsoever on the alleged debt to NCLST, and TSI was not permitted by law or by contract to collect from plaintiff on the alleged NCSLT debt.

10.

By adopting the FDCPA, Congress elevated the right of a consumer such as plaintiff to be free from a debt collector's unlawful collection practices. The invasion of that right by TSI is a concrete injury in fact for which this Court may provide relief. TSI's collection activity as alleged in this complaint caused plaintiff severe ongoing worry, confusion, anxiety, frustration, and other emotional harm. Further, TSI's false, deceptive, and misleading activity and its unfair and unconscionable tactics to collect debt not allowed by law or by contract presented an actual material risk of harm – including that as a result of TSI's violation of the FDCPA as alleged in this complaint, plaintiff would pay debt that TSI was not entitled to collect.

11.

## CLAIMS FOR RELIEF

### Claim One against Equifax

### Negligent Noncompliance with the FCRA

As alleged in this complaint, Equifax negligently failed to comply with the requirements of the FCRA. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks compensation in an amount to be determined by the jury.

12.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1681o(a).

13.

**Claim Two against Equifax**

**Willful Noncompliance with the FCRA**

As alleged in this complaint, Equifax willfully failed to comply with the requirements of the FCRA. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks compensation in an amount to be determined by the jury. Equifax's violation of the FCRA as alleged in this complaint constituted a wanton, outrageous and oppressive violation of plaintiff's rights under federal law, and plaintiff requests punitive damages in an amount to be determined by the jury.

14.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1681n(a).

15.

**Claim Three against TSI**

**Negligent Noncompliance with the FCRA**

As alleged in this complaint, TSI negligently failed to comply with the requirements of the FCRA. As a result of TSI's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks compensation in an amount to be determined by the jury.

16.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1681o(a).

17.

**Claim Four against TSI**

**Willful Noncompliance with the FCRA**

As alleged in this complaint, TSI willfully failed to comply with the requirements of the FCRA. As a result of TSI's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks compensation in an amount to be determined by the jury. TSI's violation of the FCRA as alleged in this complaint constituted a wanton, outrageous and oppressive violation of plaintiff's rights under federal law, and plaintiff requests punitive damages in an amount to be determined by the jury.

18.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1681n(a).

19.

**Claim Five against TSI**

**Violation of the FDCPA**

As alleged in this complaint, TSI violated the strict liability provisions of the FDCPA including and not limited to 15 U.S.C. § 1692e and f. As a result of TSI's FDCPA violation, plaintiff suffered severe ongoing worry, confusion, anxiety, frustration, and other emotional harm for which plaintiff seeks compensation in an amount to be determined by the jury.

20.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1692k.

21.

**JURY TRIAL DEMAND**

Plaintiff is entitled to and so respectfully demands a trial by jury.

## PRAYER FOR RELIEF

After a determination that defendants violated the FCRA, and that TSI violated the FDCPA, plaintiff requests a money judgment in his favor for compensatory damages and punitive damages against each defendant in amounts to be decided by the jury, and for reasonable fees and costs in an amount to be decided by the Court.

Plaintiff also seeks any equitable relief this Court may determine is just and proper and may intend to amend this complaint to include additional defendants and additional claims as information is learned in discovery.

December 16, 2017

**RESPECTFULLY FILED,**

s/ Michael Fuller

**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570